DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas, denying a declaration of uninsured/underinsured motorist coverage to a named insured's employee. For the reasons that follow, we affirm.
 {¶ 2} On November 3, 1996, appellant, David J. Stephens, worked for Farmland Industries, Inc. After work, appellant, riding home with another Farmland employee, was seriously injured when his co-worker lost control and flipped the vehicle.
 {¶ 3} The fellow employee's auto insurer paid the $12, 500 limits of his coverage to appellant. The fellow employee himself eventually declared bankruptcy, discharging appellant's claim. At the time of the accident, Farmland Industries was insured by a policy issued by appellee, Nationwide Mutual Insurance Company. The policy contained uninsured/underinsured motorist coverage ("UM/UIM").
 {¶ 4} On March 19, 2001, appellant brought the declaratory judgment action which underlies this appeal. Appellant sought a declaration that he was entitled to UM/UIM coverage under the terms of Farmland's Nationwide policy. Following discovery, appellee moved for and was granted summary judgment. From this judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error:
 {¶ 5} "The Trial Court erred in granting the Motion for Summary Judgment filed by Nationwide Mutual Insurance Company and in denying the Motion for Summary Judgment filed by David J. Stephens."
 {¶ 6} Appellant initially instituted this action premised on the holding of the Supreme Court of Ohio in Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 7} Christopher Pontzer died due to the negligence of an underinsured driver in an accident unrelated to his work. After exhausting the tortfeasor's coverage, Pontzer's widow claimed UIM coverage under the Liberty Mutual Policy issued to her husband's employer. Coverage was rejected in both the trial court and the court of appeals.
 {¶ 8} On review, however, the Ohio Supreme Court held that due to ambiguity in the language in the UM/UIM endorsement, Pontzer's corporate employer's commercial UM/UIM coverage extended to all of the named insured corporation's employees.
 {¶ 9} The language here is nearly identical to that in theScott-Pontzer policy:
 {¶ 10} "B. Who is an insured
 {¶ 11} "1. You
 {¶ 12} "2. If you are an individual any `family member'
 {¶ 13} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 14} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."
 {¶ 15} The Scott-Pontzer court found that the word "you" in the policy ambiguous. Where "you" is the named insured and the named insured is a corporation, it would only be reasonable to include coverage for the corporation's employees because, "* * * corporation[s] can act only by and through real live persons." Scott-Pontzer at 664. ApplyingScott-Pontzer to the present matter, appellant insisted, resulted in UM/UIM coverage.
 {¶ 16} During the pendency of this case, however, the Supreme Court of Ohio limited its holding in Scott-Pontzer in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. The court at ¶ 2 of the syllabus held:
 {¶ 17} "2. Absent specific language to the contrary, a policy of insurance that names acorporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
[1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)"
 {¶ 18} Galatis also clarified the construction employed inScott-Pontzer to construe ambiguities against the insurer. Scott-Pontzer
used the rule to construe the "you" ambiguity against the insurer and in favor of the potential insured. According to Galatis, the proper rule is that, "[w]hen a court decides whether a claimant is insured under a policy, ambiguities are construed in favor of the policyholder, not the claimant." Galatis at 224, ¶ 35 (emphasis in the original).
 {¶ 19} With Galatis undermining his Scott-Pontzer claim, appellant offers alternative theories for coverage. First, he points to the language of an endorsement to the liability portion of the policy captioned "EMPLOYEES AS INSUREDS." The endorsement states:
 {¶ 20} "This endorsement modifies insurance provided under the following:
 {¶ 21} "Business Auto Coverage Form
 {¶ 22} "Garage Coverage Form
 {¶ 23} "Truckers Coverage Form
 {¶ 24} "The following is added to the LIABILITY COVERAGE WHO IS AN INSURED provision:
 {¶ 25} "Any employee of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs."
 {¶ 26} A covered auto is defined elsewhere as "any auto." This language, appellant argues, can only mean that Farmland's employees, such as appellant, are covered while using any auto Farmland does not own, hire, or borrow in Farmland's business or personal affairs. Appellant submitted the affidavit of a PhD in English in support of this interpretation.
 {¶ 27} Alternatively, appellant contends, coverage arises as a matter of law, because the version of R.C. 3937.18 effective when appellee issued its policy required the insurer to provide UM/UIM coverage to "* * * persons insured under the policy for loss due to bodily injury or death * * *." R.C. 3937.18 (1994). Since employees were insured under the "EMPLOYEES AS INSUREDS" endorsement liability coverage, appellant insists that employees should be covered for UM/UIM as well.
 {¶ 28} Both of appellant's arguments hinge on the construction of the language of the "EMPLOYEES AS INSUREDS" endorsement. That construction, in turn, rests on the assertion of appellant's expert that the only possible interpretation of the clause is that because the vehicle in which appellant was riding was not owned, hired, or borrowed in the course of Farmland's business or personal affairs, as an employee, he was insured.
 {¶ 29} The fallacy of this assertion is apparent. Appellant's expert's interpretation may be one construction, but an equally reasonable — and frankly more likely — meaning is that employees using an auto in the business or personal affair of Farmland are insured even though the auto they are in is not owned, hired, or borrowed by Farmland.
 {¶ 30} Granted, the endorsement is not well drafted. It is, in fact, ambiguous. Were Farmland, the policy holder, seeking to resolve coverage in its favor, the ambiguity would likely be resolved in its favor. The party pressing for coverage here, however, is not the policy holder. As the Galatis court noted, enlarging coverage to unintended parties is detrimental to the policy holder's interest. Galatis at 225, ¶ 37, citing Cook v. Kozell (1964), 176 Ohio St. 332, 336 (excessively broad coverage could result in higher premiums).
 {¶ 31} Consequently, although the endorsement appellant relies upon is ambiguous, it is not construed in his favor as he is not the policy holder. Absent coverage under the endorsement, former R.C. 3937.18 is inapplicable because appellant, under the terms of the endorsement, is not an insured in these circumstances.
 {¶ 32} According, the trial court did not err when it awarded summary judgment to appellee. Appellant's sole assignment of error is not well-taken.
 {¶ 33} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant pursuant to App.R. 24.
Judgment Affirmed.
M. Handwork, P.J. Pietrykowski, J. and Singer, J. Judge, Concur.